IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDDIE McCREA, JR.,
    Plaintiff,

vs.                                        Case No.: 3:09cv68/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon a Motion for Attorney Fees and Expenses Under the Equal Access to Justice Act ("EAJA") (Doc. 32), filed by Jack E. De La Piedra, Plaintiff's counsel (hereinafter "Petitioner"), and a response thereto (Doc. 33), filed by Defendant Michael J. Astrue, Commissioner of Social Security (hereinafter "the Commissioner").

Petitioner seeks an award—payable to him—of attorney fees totaling $9,125.00 (based on 36.50 hours of work performed on Plaintiff's behalf at an hourly rate of $250.00) and expenses totaling $1,210.16, for a total EAJA award in the amount of $10,225.16 (*see, e.g.*, Doc. 32 at 1). In the Commissioner's response he states that the parties have conferred since the filing of Petitioner's motion and agreed to an award of $7,500.00 in attorney fees and expenses, and $805.00 in filing fee costs, for a total EAJA award in the amount of $8,305.00 (*see* Doc. 33 at 1).[1] The Commissioner asserts, however, that the award is properly payable to Plaintiff, not Petitioner (*id.* at 3).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

---

[1] The precise nature of the parties' agreement is not evident from the pleadings.

In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.

Here, the procedural background of the case is atypical, but Plaintiff nevertheless is properly considered a prevailing party, as he ultimately obtained a remand for further administrative proceedings.[2] Additionally, the application for fees was timely filed, the Commissioner's position was not substantially justified, and no special circumstances make an award unjust. Moreover, the Commissioner agrees that fees and expenses should be paid in this case (Doc. 33). Accordingly, Plaintiff is clearly entitled to fees and expenses.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

As previously noted, Petitioner seeks compensation for time spent representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court at the rate of $250.00 per hour. The requested rate is out of line with other requests in this court and, therefore, would likely have been rejected by the undersigned. However, in light of the parties' agreement to a lesser award, the undersigned concludes that the lesser award is appropriate, regardless of how it was calculated. Additionally, the undersigned concludes that reimbursement of costs in the amount of $805.00 is appropriate, as this amount reflects filing fee costs incurred in the district court of $350.00, and in the Eleventh Circuit Court of Appeals in the amount of $455.00, both of which were paid by either Plaintiff or Petitioner.[3]

---

[2] In proceedings before this court the undersigned issued a Report and Recommendation ("R & R") recommending that the Commissioner's decision denying benefits be affirmed and this action be dismissed (Doc. 14). Plaintiff filed no objections to the R & R, and it was adopted by the district court on January 15, 2010 (Doc. 16). Thereafter, Plaintiff filed a notice a notice of appeal (Doc. 19). On appeal, the Commissioner conceded that one of the ALJ's findings, that is, that Plaintiff could return to his past relevant work, was not supported by substantial evidence (notably, the Commissioner did not make this concession before this court, nor did Plaintiff assert any error in this court based on the ALJ's finding; thus, the issue and concession were first presented to the Eleventh Circuit Court of Appeals). As a result of the Commissioner's concession, the Eleventh Circuit reversed the judgment of the district court and remanded the case with instructions that it be returned to the Commissioner for further development of the record (*see* Doc. 29).

[3] The Commissioner notes that the filing fee costs should be paid from the Judgment Fund administered by the United States Treasury (Doc. 33 at 2–3).

The remaining question concerns to whom the EAJA award is payable. In <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* <u>Reeves v. Astrue</u>, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. <u>Ratliff</u>, 130 S. Ct. at 2528–29.[4]

Before the <u>Ratliff</u> decision, the undersigned followed the common practice of other courts in this district and circuit by routinely recommending payment to counsel when an assignment of benefits by the plaintiff was included with counsel's petition. *See, e.g.*, <u>Turner v. Astrue</u>, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for plaintiff where valid EAJA assignment had been made); <u>Buffin v. Astrue</u>, No. 3:05cv1289/J/TEM, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same); *see also* <u>Ratliff</u>, 130 S. Ct. at 2528 (noting the Government's "history of paying EAJA awards directly to attorneys in certain cases"). The common practice, however, appears to have evolved without the benefit of knowing whether the plaintiffs, as "prevailing parties," were responsible for debts owed to the government, and thus subject to offsets. Indeed, in the undersigned's previous practice, the parties did not discuss whether the plaintiffs owed debts to the United States, and the Commissioner did not object to payment of EAJA awards to counsel in light of the plaintiffs' assignments. Since the Supreme Court's decision in <u>Ratliff</u>, however, the matter of a plaintiff's outstanding debt and/or the proper payee of an EAJA award has now been raised in this court (and other courts) by parties in connection with applications for EAJA fees. *See, e.g.*, <u>Parker v. Astrue</u>, No. 5:09cv189/RS/EMT, docs. 36, 37, 38. And it has been raised in the instant case.

Here, Petitioner seeks payment of the EAJA award directly to him, but he has not indicated that Plaintiff assigned any award under the EAJA to him (*see* Doc. 32 & Attachs.). In the absence of any evidence of such an assignment, the EAJA award is properly payable to Plaintiff.[5]

---

[4] In <u>Ratliff</u>, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney.

[5] Even if Plaintiff had assigned his interest in the EAJA award to Petitioner, the undersigned would nevertheless conclude that the EAJA award is properly payable to Plaintiff, not Petitioner. First, this conclusion is in line with <u>Ratliff</u>, 130 S. Ct. at 2521. Second, although it is unclear whether Petitioner owes a debt to the United States that is subject to offset, the Commissioner has recently stated in other cases that he is required to make an inquiry regarding whether a claimant owes a qualifying debt and, further, that his inquiry cannot be made until <u>after</u> this court has issued an order on a petition for EAJA fees. *See, e.g.,* <u>Nakas v. Astrue</u>, Case No. 5:09cv358/RS/WCS, doc. 27; <u>Anderson v. Astrue</u>, Case No. 5:09cv282/RS/MD, doc. 24. Thus, EAJA checks should simply be made payable to the prevailing plaintiff, but sent to his or her attorney, so they may mutually implement any fee agreement that may exist without further involvement of the court. *See* <u>Nakas</u> docs. 30, 31 (respectively, report and recommendation, issued February 16, 2011,

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Motion for Attorney Fees and Expenses Under the Equal Access to Justice Act (Doc. 32) be **GRANTED** as follows:

1. Plaintiff is entitled to recover reasonable fees and expenses for representation by his counsel, Jack E. De La Piedra, before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees and expenses under the EAJA in the amount of $7,500.00 are reasonable; and the Commissioner is directed to pay that amount to Plaintiff.

2. Costs in the amount of $805.00 are also awarded to Plaintiff, to be paid from the Judgment Fund of the United States Treasury.

3. Plaintiff's payments shall be mailed to his attorney, Jack E. De La Piedra, at the law firm of McKenzie, Hall, and De La Piedra, P.A., 905 East Hatton Street, Pensacola, Florida 32503.

At Pensacola, Florida, this 12th day of April 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

recommending same, and order, issued March 16, 2011, adopting report and recommendation); Anderson, docs. 25, 26 (respectively, report and recommendation, issued February 25, 2011, recommending same, and order, issued March 30, 2011, adopting report and recommendation).